EVANDER, J.
Donatos Sarras appeals from a final summary judgment determining that the worthless check action he brought against Wendy Mills was barred by the statute of limitations. We reverse. We conclude that the time frame within which Sarras was required to bring suit was the five-year limitation period set forth in section 95.11(2)(b), Florida Statutes (2007), not the four-year limitation period set forth in section 95.11(3)(f), Florida Statutes (2007).
On January 23, 2012, Sarras filed a five-paragraph complaint alleging that on or about January 30, 2007, Mills delivered a check to him in the amount of $120,000 and that when he presented the check for payment to the drawee bank on or about May 4, 2007, payment was refused because of insufficient funds. Mills answered the complaint and raised the statute of limitations as an affirmative defense to Sarras’ claim.[1]
Section 95.11 sets out the applicable time limitations for actions other than the recovery of real property. In her motion for summary judgment, Mills asserted that Sarras’ action was founded upon the statutory liability specified in section 68.065, Florida Statutes (2007) and, thus, the four-year limitation period set forth in section 95.11(3)(f) applied. That section provides:
Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(3) WITHIN FOUR YEARS.—
(f) An action founded on a statutory liability.
Sarras responded to the motion for summary judgment by arguing that the five-year limitation period set forth in section 95.11(2)(b) controlled:
Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(2) WITHIN FIVE YEARS.—
(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument....
We agree with Sarras because, contrary to Mills’ contention, the action brought by Sarras was not founded on section 68.065.
*511 Section 68.065(1), Florida Statutes (2007),[2] provides that in any civil action brought for the purpose of collecting a check, the payment of which was refused by the drawee because of the lack of funds, the maker can be found liable for treble damages and reasonable attorney’s fees in addition to the amount of the check where the maker fails to pay the amount owing, in cash, to the payee within thirty days following a written demand therefor. However, the right to bring an action to collect on a worthless check existed prior to the 1979 enactment of section 68.065. Indeed, in 1968, the Florida Supreme Court approved a form complaint for an action to collect on a worthless check. See Fla. R. Civ. P. Form 1.942;[3] In re Florida Rules of Civil Procedure, 211 So.2d 174, 188 (Fla.1968).
Section 68.065 does not create an exclusive means to bring an action on a worthless check; rather it authorizes an award of treble damages and reasonable attorney’s fees in worthless check actions where certain additional elements have been proved.
Because Sarras’ complaint was filed within the applicable five-year limitation period, we reverse the final summary judgment entered below.[4]
REVERSED and REMANDED.
PALMER, J., concurs.
BERGER, J., dissents, with opinion.

. Mills raised other defenses below; however, these defenses were not the subject of her motion for summary judgment.

.Section 68.065(1), Florida Statutes (2007), states:
In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds, credit, or an account, or where the maker or drawer stops payment on the check, draft, or order of payment with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand therefor, as provided in subsection (3), the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing. However, in no case shall the liability for damages be less than $50. The maker or drawer shall also be liable for any court costs and reasonable attorney fees incurred by the payee in taking the action. Criminal sanctions, as provided in s. 832.07, may be applicable.

. Minor changes have been made to the form pursuant to amendments subsequently adopted in 1980, 1992, and 2000. See In re Rules of Civil Procedure, 391 So.2d 165, 187 (Fla.1980); In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d 1110, 1196 (Fla.1992); In re Amendments to the Florida Rules of Civil Procedure, 773 So.2d 1098, 1144 (Fla.2000).

. Sarras’ complaint did not seek treble damages, nor did it reference section 68.065. Regardless, the four-year statute of limitations period set forth in section 95.11(3)(f) would bar any claim by Sarras to recover treble damages and reasonable attorney’s fees under section 68.065.